# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ALEXANDER W. JENKINS,**

        **Plaintiff,**

     **v.**                       **Case No. 06-C-746**

**WISCONSIN DEPARTMENT**
**OF CORRECTIONS,**

        **Defendant.**

---

## ORDER AND RECOMMENDATION ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Alexander W. Jenkins ("Jenkins") is a convicted sex offender required to register with the Wisconsin Department of Corrections. However, Jenkins is currently residing in Florida and as a consequence of his Wisconsin registration requirement he is similarly required to register and comply with Florida's sex offender laws. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Included with his petition are numerous motions including a request to proceed *in forma pauperis* ("IFP").

The court must first evaluate Jenkins' request to proceed IFP. The filing fee for habeas corpus cases is only $5.00. However, upon reviewing Jenkins' IFP form and the materials submitted with his petition that provide insight into Jenkins' financial situation, the court is satisfied that Jenkins is unable to pay the $5.00 filing fee. Therefore, Jenkins' motion to proceed IFP shall be granted.

Dockets.Justia.com

Next, this court must screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4 Rule of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

It is plainly apparent from the petition that Jenkins has not pursued any form of state post-conviction relief and therefore is not entitled to relief under § 2254. 28 U.S.C. § 2254(b)(1)(A). In the portion of the form in which the petitioner is asked whether he has pursued any post-conviction relief in state court, Jenkins marked the "No" boxes. In the section of the form in which the petitioner is instructed to indicate whether he has pursued any other state post-conviction relief other than a direct appeal, Jenkins marked the "Yes" box but then goes on to describe a habeas petition he filed in the Western District of Wisconsin. The order of the Western District is attached to the petition. In that case, Judge John Shabaz dismissed Jenkins' petition on December 20, 2005 because it was clear that Jenkins had not exhausted state court remedies. Jenkins' failure to exhaust state remedies is just as evident to this court as it was to Judge Shabaz in the Western District. Jenkins makes absolutely no allegation that he has pursued state court remedies prior to again pursuing a writ of habeas corpus in federal court.

**IT IS THEREFORE ORDERED** that Jenkins' Motion for Leave to Proceed *In Forma Pauperis* is **granted**.

**IT IS FURTHER ORDERED** that Jenkins' Motion for an Evidentiary Hearing is **denied as moot**.

-2-

**IT IS FURTHER ORDERED** that Jenkins' Motion to Appoint Counsel is **denied as moot**.

**IT IS FURTHER ORDERED** that Jenkins' Motion to Proceed by Telephone Conference is **denied as moot**.

**IT IS FURTHER ORDERED** that Jenkins' Motion to Fax Documents is **denied as moot**.

**IT IS HEREBY RECOMMENDED** that the district judge to whom this matter is assigned **dismiss** Jenkins' petition for a writ of habeas corpus without prejudice so that Jenkins can begin to exhaust his state court remedies.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Criminal Procedure 59 (b)(2), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation.  Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures.  Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case.  Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin this 20th day of  July, 2006.


s/AARON E. GOODSTEIN
U.S. Magistrate Judge

-3-